# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

_____ Division

| | |
|---|---|
| Steven F. Helfand | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | |
| Esslinger, Wooten & Maxwell, Inc; Edward Peloso; EJP 888 Biscayne Blvd 2712, LLC; Marcello Steinmander; & Marina Blue Condominium Association | FILED BY ___ D.C.<br>JAN 09 2020<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - FT. LAUD. |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

   A.   **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Steven F. Helfand |
| Street Address | 1400 SW 137th Avenue, F112 |
| City and County | Pembroke Pines, Broward County |
| State and Zip Code | Florida, 33027 |
| Telephone Number | 954.447.3315 |
| E-mail Address | 1400steven.helfand@gmail.com |

   B.   **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Esslinger Wooten & Maxwell, Inc. (EWM) & Marcello Steinmander |
| Job or Title (if known) | c/o Anelia Gonzalez |
| Street Address | 201 Alhambra Circle, #1060 |
| City and County | Coral Gables, Miami-Dade |
| State and Zip Code | Florida, 33134 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Edward Peloso & EJP 888 Biscayne Blvd. 2712, LLC |
| Job or Title (if known) | c/o Al Cardet, Attorney |
| Street Address | 1330 Coral Way, Suite 301 |
| City and County | Miami, Miami - Dade |
| State and Zip Code | Florida, 33145 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | Marina Blue Condominium Association |
| Job or Title (if known) | |
| Street Address | 888 Biscayne Blvd, Management Office |
| City and County | Miami, Miami - Dade |
| State and Zip Code | Florida, 33132 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
FHA, 42 USC 3601 et seq.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

       b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Peloso and EJP owns or controls countless rental properties (more than 3). Peloso is a sophisticated property owner represented by sophisticated attorneys and property managers (Steinmander & EWM). Steinmander & EWM, in addition to serving as property managers at all times, are Peloso's and EJP's agents. Peloso & EJP discriminated against Plaintiff due to his sexual orientation and HIV status. In this regard, after an eviction, and contrary to the lease requirements, Peloso and his cohorts conspired to loot Plaintiff's possessions and unlawfully dispose of his property in violation of FS 715.104. But for Plaintiff's sexual orientation and HIV status, this would not have occurred. [Please see attachment]

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Monetary damages in an amount according to proof but no less than $300,000.00.
Consequential Damages: $1,000,000.00.
Punitive damages: No less than $3,200,000.00.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 5, 2020

Signature of Plaintiff

Printed Name of Plaintiff: Steven F. Helfand

### B. For Attorneys

Date of signing:

Signature of Attorney:

Printed Name of Attorney:

Bar Number:

Name of Law Firm:

Street Address:

State and Zip Code:

Telephone Number:

E-mail Address:

Print | Save As... | Add Attachment | Reset

1. Plaintiff lives is Broward County, Florida. At the time of the occurrence, Plaintiff resided in Miami-Dade County, Florida
2. Defendant, Edward Peloso, owns or controls countless rental properties through a variety of LLCs.
3. Peloso is a sophisticated property owner represented by sophisticated attorneys and property managers, namely Defendants Steinmander and EWM. Steinmander and EWM serve as Peloso's property managers and agent/broker.
4. Peloso and EJP repeatedly disrupted Plaintiff's quite enjoyment of the property Plaintiff rented from Peloso and EJP and which Steinmander and EWM managed. The Condominium Association of Marina Blue [COA] served as Peloso's, EJP's, Steinmander's, and EWM's agents and co-conspirators.
5. The Defendants repeatedly disrupted Plaintiff's quiet enjoyment of the property in June, 2019, after Plaintiff's co-tenant moved out and Defendant attempted to cause Plaintiff to leave early or otherwise pre-terminate the lease so as to obtain the advance rental payments for itself without refund.
6. Unbeknownst at the time to either Plaintiff or his covenant, Defendants, in particular, Peloso and EJP harbored animus towards individuals like Plaintiff, a protected class member pursuant to a variety of statutes and fair housing laws. In or about June 2019, Defendant explicitly demanded to know Plaintiff's sexual orientation and then made a series of baseless, derogatory and disturbing accusations directly to Plaintiff in a telephone call to try and disrupt Plaintiff's quiet enjoyment. Defendant succeeded. The inquiries into sexual orientation were outrageous, despicable and made in bad faith. The accusations were facilitated after Peloso received a log of Plaintiff's visitors from the COA that should not have been disclosed by the COA, but were, revealing the names and identities of Plaintiff's visitors over a two week period. Peloso's "discussion" of the log was more akin to extortion; with the implicit suggestion made, to wit, "get out!"

7. Peloso intimated Plaintiff was being "monitored" and over the next two months there were a series of intrusions into the rental unit if not Plaintiff's life. Both the COA and the other Defendants routinely interrupted the services, including internet and electrical, so as to harm Plaintiff. Defendants routinely queried untowardly why Plaintiff was receiving guests after 10:00 p.m. as if this was somehow impermissible, which it wasn't, or otherwise foreclosed by the lease, which it similarly was not. Doubling down on speculation, innuendo, and outright lies, Defendants claimed that Plaintiff was somehow debasing the rental unit by his mere presence. Plaintiff subsequently complained to the COA and Defendant about an incident by the security personnel that was likely perpetrated by Defendants and the discriminatory animus they directed at Plaintiff. The COA harassed Plaintiff's guests, and demanded identification from them when this was not a permissible policy. Moreover, the COA would allow guests of other tenants up into its elevators only to then list them as belonging to Plaintiff. The COA security officer routinely made derogatory remarks about Plaintiff's visitors and chastised them for visiting a "gay" tenant.

8. Based on information and belief, Defendants, through a variety of operatives and actions, orchestrated a campaign to disrupt Plaintiff's quiet enjoyment and destabilize Plaintiff through the initiation of a campaign of fear, threats and intimidation, all of which culminated in the notice and unlawful detainer which was not brought in good faith but which was not challenged because Plaintiff was already planning on moving out due to a series of these very malicious and thug like tactics by Defendants, which were reported to Plaintiff's insurance company along with others, including the police.

9. Prior to issuance of the Writ of Possession, C0-Conspirator and Defendants Steinmander and EWM demanded that Plaintiff, who had countless antiques, decorative objects of art and fine furnishings transfer the rights (digital and/or otherwise) of these to Defendants. Plaintiff objected and refused.

10. Defendant's locked Plaintiff out before the issuance of the Writ of Possessions and stole and/or unlawfully disposed of his contents. Defendants learned Plaintiff was HIV positive

after they entered the apartment on November 1, 2019 (if not beforehand). At that point, having learned of his status, Defendants unlawfully disposed of all contents in violation of both the lease and FS 715.104. Defendants and the COA aided and abetted each other. In fact, the COA had possession of Plaintiff's lease with Peloso and EJP and knew or should have known that the disposal of Plaintiff's property, worth hundreds of thousands of dollars, was unlawful. Peloso and the COA conspired and staff from the COA along with EJP and Peloso looted Plaintiff's property. This was all done in the absence of notice.

11. None of the above actions concerning the handling of Plaintiff's property would have occurred but for the discriminatory animus of all the Defendants. The losses have been devastating to Plaintiff and have exacerbated his medical conditions.