UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-cv-20113-KMW

STEVEN F. HELFAND,

    Plaintiff,

vs.

ESSLINGER WOOTEN MAXWELL INC. d/b/a BERKSHIRE HATHAWAY HOMESERVICES EWM REALTY; EDWARD PELOSO; EJP 888 BISCAYNE BLVD 2712, LLC; MARCELO STEINMANDER; and MARINA BLUE CONDOMINIUM ASSOCIATION,

    Defendants.

### DEFENDANTS', MARCELO STEINMANDER AND ESSLINGER-WOOTEN-MAXWELL INC. D/B/A BERKSHIRE HATHAWAY HOMESERVICES EWM REALTY, MOTION TO DISMISS AMENDED COMPLAINT

Defendants, Marcelo Steinmander ("Steinmander") and Esslinger-Wooten-Maxwell, Inc. d/b/a Berkshire Hathaway HomeServices EWM Realty ("BHHS EWM Realty"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure 12(b)(6), hereby move this Court for entry of an Order dismissing the Amended Complaint filed by *Pro Se* Plaintiff, Steven F. Helfand ("Helfand") [D.E. 30]. In support of the Motion, Steinmander and BHHS EWM Realty state as follows:

### BACKGROUND

Plaintiff's Amended Complaint consists of a single "First Cause of Action" entitled "Fair Housing Act Violations Against All Defendants". [D.E. 30] Plaintiff was a former tenant who resided at the real property located at 888 Biscayne Blvd, Unit 2712, Miami, FL 33132 ("Property") owned by another Defendant, EJP 888 Biscayne Blvd 2712, LLC. On October 29,

2019, a Default Final Judgment of Possession was entered by the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida in *EJP 888 Biscayne Blvd 2712 LLC v. Helfand*, Case No. 2019-026101 CC (05) ("Eviction Action") and a Writ of Possession as to the Property was issued on October 30, 2019. [D.E. 30, ¶5] Following the Eviction Action, Plaintiff brought claims against Steinmander and BHHS EWM Realty among other Defendants, in the matter styled *Helfand v. vs EJP 888 Biscayne Blvd., LLC, et al.,* CASE NO.: 19-034254 CA (30), in the Circuit Court of the 11th Judicial Circuit of Miami-Dade County, Florida. Motions to Dismiss the Amended Complaint are pending to be heard by the Circuit Court.

Plaintiff's Amended Complaint, now consisting of a single count, is a series of 13 narrative paragraphs and a footnote. The Amended Complaint continues to run afoul of the pleading standards of this Court as it remains a "shotgun pleading" and fails to state a claim for relief under the Fair Housing Act against Steinmander, a real estate licensee, and BHHS EWM Realty, his real estate brokerage. In his attempt at asserting a federal court claim under the Fair Housing Act, Plaintiff fails to alleged that he is an aggrieved party under the FHA or that any discriminatory practice of BHHS EWM Realty or Steinmander lead to his claim. Rather, Plaintiff's "claim stems from the unlawful disposal of Plaintiff's property by his landlord and other tortfeasors in violation of FS 715.104 and the lease." [D.E. 30, ¶1] Further, a careful review of the Lease and the Notice of Termination of Lease set forth in Exhibit B, contradict Plaintiffs allegations and demonstrate that Plaintiff's conclusory allegations against BHHS EWM Realty and Steinmander fail to state a claim and should be dismissed.

As a result of the foregoing, Plaintiff's Amended Complaint against Defendants, Steinmander and BHHS EWM Realty, must be dismissed by this Court.

## ARGUMENT

### I. Applicable Standard for Dismissal

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Although this pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations." *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242, 1248 (11th Cir. 2005).

Plaintiff continues to set forth narrative factual allegations including all the Defendants, Steinmander and BHHS EWM Realty, and fails to state a claim under the minimal pleading standards of the Federal Rules of Procedure. As a result, Plaintiff's Complaint cannot meet the pleading standard to survive dismissal.

### II. Plaintiff's Complaint Remains a "Shotgun Pleading"

The Amended Complaint continues to be a "shotgun pleading." Shotgun pleadings impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to

administer justice. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010) (*citing Byrne v. Nezhat*, 261 F.3d 1075, 1128–31 (11th Cir. 2001)).  A shotgun pleading is contrary to Federal Rule of Civil Procedure 8's requirement of a short and plain statement of the claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (*citing Sledge v. Goodyear Dunlop Tires N. Am., Ltd*., 275 F.3d 1014, 1018 n.8 (11th Cir. 2001).

Defendants are hard pressed to determine the allegations that form the basis of Plaintiff's alleged claim of discrimination under the Fair Housing Act.  Plaintiff's narrative includes allegations against Steinmander, and all the Defendants together: "Steinmander, EJP, EWM & Peloso orchestrated a series of intrusions into the unit so as to destabilize Plaintiff.  On information and belief, Peloso and/or Steinmander contacted FP&L to disable the power to the unit after the bill had already been paid by Plaintiff, and to cut-off/terminate services.  The same happened with Comcast and the internet."  [D.E. 30, ¶9] Plaintiff fails to tie in how any such allegations rise to a claim for discrimination under the Fair Housing Act. Therefore, Plaintiff's Amended Complaint is improper and must be dismissed as a shotgun pleading.

**III.    The Exhibits Contradict the Allegations of the Complaint**

The Amended Complaint attempts to assert conclusory allegations about BHHS EWM Realty and Steinmander in paragraphs 7, 8 and 9, all of which are contradicted by Exhibit B.  [D.E. 30, Ex. B]  Exhibit B is the first page of a Notice of Termination of Lease (With No Opportunity to Cure) ("Notice").  Plaintiff fails to include the remaining appended documents attached to the

Notice but referenced therein.  [D.E. 30, Ex. B]  Exhibit B attached to the Amended Complaint reflects that Plaintiff's allegations are in complete contradiction to the allegations made as to Steinmander and BHHS EWM Realty.  Exhibit B states:

> This action is taken because:
> You have continued to violate your lease agreement, page 3 paragraph VIII, (see attached copy of lease agreement) and Florida Statue 83.53 Specifically misuse of the landlord's and property by intentional act or unreasonable disturbance as to the enclosed report dated September 24, 2019 regarding the computer theft, in addition on July 13, 2019 hot wire motorcycle enclose violation notice on September 23, 2019 police was also dispatch to your unit additional incident report and unauthorize electrical repairs to electrical panel and plus enclose are pictures of September 16, 2019

[D.E. 30, Ex. B]

Under the Federal Rules of Civil Procedure exhibits are part of the pleading "for all purposes." Fed.R.Civ.P. 10(c); *see Solis–Ramirez v. U.S. Dep't of Justice,* 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."). When exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. *See Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir.1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Simmons,* 113 F.2d at 813 ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

The alleged claims as to Steinmander, "that he entered the unit under artifice"; that Steinmander was "looking for any basis to evict Plaintiff early"; that he "ignored all of Plaintiff's

concerns about the unit, and repairs that were needed for safety" and that all Defendants "orchestrated a series of in appropriate service interruptions for the unit" are in direct contradiction with the Notice and the reasons articulated by the Landlord who began and successfully evicted the Plaintiff. As a result of such contradictions, Plaintiff's Amended Complaint must be dismissed.

**IV.     Failure to State a Claim for Violation of the Fair Housing Act**

Plaintiff's Amended Complaint fails to state a claim for violation of the Federal Fair Housing Act ("FHA") against Steinmander and BHHS EWM Realty, nor can he do so.  The Fair Housing Act protects against discrimination against any person in the "terms, conditions, or privileges of…rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §3604(b). Further, under the FHA an "aggrieved person" is entitled to bring suit where he, she, or it has been "injured by a discriminatory housing practice." 42 U.S.C. § 3602(i)(1); 42 U.S.C. § 3610(a)(1)(A). "Homosexuality" is not a recognized disability or impairment under the Americans with Disabilities Act, 42 U.S.C. §12211(a) nor is it included as one of the protected classes set forth under the FHA.

Plaintiff alleges that "The breach occurred because of Plaintiff's sexual orientation and this HIV Positive status."  [D.E. 30, ¶1] At best, Plaintiff's narrative allegations attempt to set forth complaints again his Landlord following a successful Eviction Action in Circuit Court.  Plaintiff makes no assertion that he has been denied housing or was injured because of his race, color, religion, sex, familial status, or national origin.  Further, Plaintiff does not allege that any actions taken by BHHS EWM Realty or Steinmander impacted his accessibility to housing or injury stemming from any discriminatory housing practice because of his race, color, religion, sex, familial status or national origin.  Plaintiff has not alleged that he has been denied housing due to

any discriminating practices employed by Steinmander and/or BHHS EWM Realty. As Plaintiff fails to allege and cannot allege any violation of the FHA or any discriminatory housing practice against Steinmander or BHHS EWM Realty, the Amended Complaint should be dismissed by this Court.

## CONCLUSION

For the foregoing reasons, Defendants, Esslinger-Wooten-Maxwell, Inc. d/b/a Berkshire Hathaway HomeServices EWM Realty and Marcelo Steinmander, respectfully request this Court enter an Order dismissing the Amended Complaint filed by Plaintiff, Steven F. Helfand, with prejudice, and for such other and further relief as this Court deems just and proper.

## LOCAL RULE 7.1(a)(3)

On March 23, 2020, pursuant to S.D. L.R. 7.1(a)(3), counsel for BHHS EWM Realty and Steinmander conferred with Plaintiff via telephone in a good faith attempt to resolve the issues raised in this instant motion on March 23, 2020. No resolution to the issues raised in the motion was reached. Counsel will continue to cooperate with *pro se* Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this  24th  day of March, 2020, that a true and correct copy of the foregoing was filed with the Court through CM/ECF, and has been served upon all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        **Esslinger-Wooten-Maxwell, Inc. d/b/a**
        **Berkshire Hathaway HomeServices EWM Realty**
        **and Marcelo Steinmander**
        201 Alhambra Circle, Suite 1060
        Coral Gables, Florida 33134
        Tel: 305-960-2517

        By: */s/ Aniella Gonzalez*
           **ANIELLA GONZALEZ**
           Florida Bar No. 547484
           aniella@ewm.com

## SERVICE LIST

| **Steven Franklyn Helfand** | **Albert M. Cardet, Esq.** |
|---|---|
| 1400 SW 137th Ave, F112 | Cardet Law, P.A. |
| Pembroke Pines, FL 33027 | 1330 Coral Way #301 |
| 1400steven.helfand@gmail.com | Miami, FL 33145 |
| *Pro Se Plaintiff* | ALCardet@gmail.com |
| | Ebbycmecf@gmail.com |
| | *Counsel for Defendants, Edward Peloso and EJP 888 Biscayne Blvd 2712., LLC* |