# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-cv-20113-KMW

STEVEN F. HELFAND,

      Plaintiff,

vs.

ESSLINGER WOOTEN MAXWELL INC.
d/b/a   BERKSHIRE   HATHAWAY
HOMESERVICES   EWM   REALTY;
EDWARD PELOSO; EJP 888 BISCAYNE
BLVD   2712,   LLC;   MARCELO
STEINMANDER;   and   MARINA   BLUE
CONDOMINIUM ASSOCIATION,

      Defendants.

## DEFENDANTS' ESSLINGER WOOTEN MAXWELL, INC. D/B/A BERKSHIRE HATHAWAY HOMESERVICES EWM REALTY AND MARCELO STEINMANDER'S AMENDED MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendants, ESSLINGER WOOTEN MAXWELL, INC. d/b/a BERKSHIRE

HATHAWAY HOMESERVICES EWM REALTY ("EWM") and MARCELO STEINMANDER

("Steinmander) (EWM and Steinmander are collectively referred to as "Defendants"), by and

through their undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure

and S.D. Fla. L.R. 7.1, file this Amended Motion to Dismiss and Memorandum of Law:

## INTRODUCTION

### I.    Summary of Bases for Dismissal

Plaintiff has sued the Defendants for an alleged violation of the Fair Housing Act ("FHA")

after Plaintiff was successfully evicted from his former apartment for failing to abide by the

Bylaws and Rules of the Association.  D.E. 30.  Defendants seek dismissal of Plaintiff's Amended

Complaint with prejudice for two reasons:

1.  The doctrine of res judicata prohibits Plaintiff from prosecuting this lawsuit.  The cause of

action Plaintiff asserts for violation of the FHA arises from the same nucleus of facts upon which a judgment for eviction was entered against Plaintiff in the Eleventh Judicial Circuit of Florida ("eviction action"). As a result, Plaintiff is precluded from prosecuting the present action as a matter of law. *Hosseinzadeh v. Green Point Mortgage Funding, Inc.,* 577 Fed. Appx. 925 (11th Cir. 2014) (The doctrine of res judicata bars a party from relitigating a claim that was or could have been raised in a prior lawsuit); and

2. Plaintiff has failed to comply with this Court's March 2, 2020 Order cautioning Plaintiff that any amended complaint may be dismissed unless he complies with the pleading requirements set forth in *Jackson v. Specialized Loan Servicing LLC,* No. 16-16685 (11th Cir. Aug. 3, 2018).

## II.      Standard of Review

A motion to dismiss does not test the merits of a case, but requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). When the defense of res judicata can be determined from the face of a complaint, it may be raised on a motion to dismiss. *Solis v. Global Acceptance Credit Co., L.P.,* 601 Fed.Appx. 767 (11th Cir. 2015).

District courts have authority to dismiss shotgun pleadings. *Jackson v. Specialized Loan Servicing LLC,* No. 16-16685 (11th Cir. Aug. 3, 2018). *See, e.g. Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)"). And while district courts must allow a plaintiff one opportunity to amend a shotgun pleading, implicit in such a repleading order is the "notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his

pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001).[1]  This is because shotgun pleadings leave defendants and the courts guessing as to the true nature of the claim presented resulting in waste of resources and, as the court in *Jackson* so poignantly noted, "garbage in, garbage out". *Id.*

## **MEMORANDUM OF LAW**

### III.    Argument

#### A.  Plaintiff's Claim is Barred by Res Judicata

The doctrine of res judicata bars a party from relitigating a claim that was or could have been raised in a prior lawsuit.  *Hosseinzadeh v. Green Point Mortgage Funding, Inc.,* 577 Fed. Appx. 925 (11th Cir. 2014).  Res judicata applies when a prior judgment: (1) is rendered by a court of competent jurisdiction; (2) is final and on the merits; (3) involves the same parties or those in privity with them; and (4) involves a cause of action arising from the same nucleus of facts. *Echevarria v. Bank of America, N.A.,* 632 Fed. Appx. 1006 (11th Cir. 2015).  All four requirements for application of res judicata are met here.

---

[1] In *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S. Ct. 2131 (2008), the Court explained:

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice. Although obstruction of justice is typically discussed in the context of criminal contempt, the concept informs the rules of law—both substantive and procedural— that have been devised to protect the courts and litigants (and therefore the public) from abusive litigation tactics, like shotgun pleadings. If use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt.

*Id*. at 1131–32.

Although disjointed, somewhat incomprehensible, and in conflict with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's Amended Complaint purports to bring a cause of action for violation of the FHA.   Plaintiff alleges that an eviction proceeding motivated by discrimination was filed against him by his then landlord. D.E. 30, ¶ 5- 13.  Plaintiff alleges that the Defendants were agents of his then landlord and acted in concert with Plaintiff's then landlord to obtain his eviction. D.E. 30, ¶ 7.  Plaintiff did not contest the eviction action resulting in a default and writ of possession against Plaintiff. D.E. 30, ¶ 5 and 10 - 11.[2]

The first element necessary for application of res judicata – judgment by a court of competent jurisdiction – is clearly present here; the Eleventh Judicial Circuit in and for Miami-Dade County is without question a Court of competent jurisdiction. Plaintiff acknowledges that the Eleventh Judicial Circuit in and for Miami-Dade County entered judgment against him in the eviction action. D.E. 30, ¶ 5, 10 - 11.

The second element necessary for application of res judicata – the prior judgment must be final and on the merits – is also present here. Here, Plaintiff alleges in the Amended Complaint that an eviction proceeding was filed against him, and that it resulted in a default and writ of possession.  D.E. 30, ¶ 5, 10 - 11.  It is well settled that a default judgment is a dismissal on the merits.  *Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc.,* 348 So.2d 920 (Fla. 2d DCA

---

[2] Plaintiff acknowledges a default and writ of possession were entered against him in the eviction proceeding, and therefore, the Court need not go outside the four corners of the Amended Complaint to decide the Motion presented. D.E. 30, paragraphs 5, 10, and 11. The Court may, however, consider records from the Circuit Court of the Eleventh Judicial Circuit in deciding a motion to dismiss. *Certain Underwriters at Lloyd's of London v. BE Logistics, Inc.,* 736 F.Supp.2d 1311 (S.D.Fla. 2011)(when analyzing a motion to dismiss, the court may consider documents central to or referenced in the complaint); and *LeGrasta v. First Union Securities, Inc.,* 358 F.3d 840 (11th Cir. 2004)(the court may consider matters judicially noticed when analyzing a motion to dismiss).  To the extent it may be necessary here, Defendants move the Court to take judicial notice of the filings made in *EJP 888 Biscayne Blvd. 2712 LLC v. Steven F. Helfand, et. al.,* Case No. 2019-026101-CC-05.  The Complaint, Order granting Default Judgment, and Writ of Possession are attached hereto as Composite Exhibit "1".

1977)(For purposes of res judicata, a judgment entered upon default is just as conclusive as one which was hotly contested).

The third element necessary for application of res judicata - the prior action involved the same parties or those in privity with them as the parties before the court – also exists here.  Here, Plaintiff alleges that the Defendants are liable for the alleged FHA violations because they were agents of Plaintiff's then landlord. D.E. 30, ¶ 7.  Agents are considered in privity with their principals when considering whether to apply res judicata. *Echevarria v. Bank of America, N.A.,* 632 Fed. Appx. 1006 (11th Cir. 2015); and *Shore v. Wilmington Trust, N.A.*, 2017 WL 1494509 (S.D.Fla. 2017)(A principal / agent relationship establishes privity for purposes of applying res judicata).

Finally, the fourth element necessary for application of res judicata – the prior claim and the one at issue arise from the same nucleus of facts – also exists here.  As Plaintiff alleges in his Amended Complaint, the Defendants acted as agents of Plaintiff's then landlord while participating in discriminatory efforts to evict Plaintiff from his apartment in violation of the FHA. D.E. 30.  The eviction action resulted in a default judgment and writ of possession tantamount to a judicial finding that Plaintiff was rightfully evicted from his former apartment. D.E. 30, ¶ 5, 10, and 11. It is this very same nucleus of facts that Plaintiff relies upon to bring his FHA claim here. Both the eviction action and this lawsuit bring claims based upon the Landlord's pursuit of and ultimate success in evicting Plaintiff from his former apartment. Both lawsuits arise from the termination of Plaintiff's residency.

Plaintiff had the opportunity to present his FHA claim in the eviction proceedings that resulted in a final judgment against him, but failed to raise a compulsory counterclaim for violation of FHA.  In *Smith v. Secretary, US Department of Housing and Urban Development*, the Eleventh Circuit determined that a breach of contract action was barred pursuant to res judicata because it

arose from the same nucleus of facts as plaintiff's prior FHA claim – whether plaintiff was rightfully evicted from his home. *Smith v. Secretary, US Department of Housing and Urban Development,* 680 Fed. Appx. 791 (11th Cir. 2017). The *Smith* Court explained, "if a case arises out of same nucleus of operative fact, or is based upon the same factual predicate, as a former action,…the two cases are really the 'same claim' or 'cause of action' for res judicata." This includes claims that could have been raised in the prior litigation." *Id.* At 793.

The Court is now presented with a FHA claim that arises from the same nucleus of facts as the eviction action. Res judicata applies to bar Plaintiff's present claim. Plaintiff was required to bring his FHA claim in the eviction action and, because he failed to do so, he is barred from bringing a FHA claim here. It is well settled that a claim based upon discrimination actionable under the FHA is a compulsory counterclaim to an action for eviction. *Gueye v. Page Tower, et. al.,* 2011 WL 1791708 (S.D.Ohio 2011); and *Shell v. Hollywood Housing Authority*, 2009 WL 837654 (S.D.Fla. 2009). Plaintiff's Amended Complaint should be dismissed with prejudice.

**B.  Plaintiff Failed to Comply with the Court's March 2, 2020 Order**

On March 2, 2020, the Court granted Plaintiff's Motion for Leave to Amend requiring Plaintiff to avoid filing an amended complaint that "incorporates all the same facts into one count and does not separately identify the particular facts that support each element of the causes of action alleged and also identify what facts pertain to which defendant." The Court's March 2, 2020 Order further instructed, "the current complaint conclusorily alleges a cause of action against multiple defendants without alleging the particular actions that each defendant took that satisfy each particular element of the cause of action." The Court ordered "any amended complaint filed in the action must address these deficiencies. The complaint should be organized on a claim-by-claim basis against each separate defendant." And, the Court cautioned Plaintiff that "failure to comply with this Order may result in dismissal of the action." D.E. 26.

Plaintiff's Amended Complaint incorporates all the same facts into one count, does not separately identify the particular facts that support each element of the cause of action, does not identify which facts pertain to which defendant, fails to identify the particular actions that each defendant took to satisfy each particular element of the cause of action, and lumps all four defendants together under the sole cause of action alleged.  In other words, Plaintiff ignored the Court's Order, and the Defendants request that the Court exercise its inherent authority and dismiss Plaintiff's Amended Complaint with prejudice.

Federal Rule of Civil Procedure, 8 requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Shotgun pleadings, like the Amended Complaint, violate Rule 8. Shotgun pleadings exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). And while pleadings drafted by pro se litigants are traditionally construed more liberally than those drafted by counsel, a pro se plaintiff is, nevertheless, required to follow the "minimum pleading standards" set forth in the Federal Rules of Civil Procedure. *Jarzynka v. St. Thomas University School of Law,* 310 F.Supp.2d 1256 (S.D.Fla. 2004).

Here, Plaintiff incorporates all of the same facts against each of the four separate defendants in the same count. D.E. 30.  Plaintiff does not identify which facts apply to which defendant. D.E. 30.  Plaintiff has violated the Court's March 2, 2020 Order, and it is within the Court's inherent authority to dismiss Plaintiff's Amended Complaint with prejudice.

## IV.   Conclusion

Plaintiff was required to bring his FHA claim as a counterclaim in the eviction action; he failed to do so, and a default judgment and writ of possession were entered against Plaintiff.  As a result, Plaintiff's FHA claim is barred here as a matter of law.

The Court also has inherent authority to enforce its March 2, 2020 Order, and dismiss Plaintiff's lawsuit with prejudice for failing to follow the Court's Order.

WHEREFORE, the Defendants, ESSLINGER WOOTEN MAXWELL, INC. d/b/a BERKSHIRE HATHAWAY HOMESERVICES EMW REALTY and MARCELO STEINMANDER respectfully request that the Court grant this Motion and provide for any other relief deemed just and proper.

Respectfully submitted,

**Esslinger-Wooten-Maxwell, Inc. d/b/a**
**Berkshire Hathaway HomeServices EWM Realty**
**and Marcelo Steinmander**
201 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Tel:    305-960-2517

By:    _____
       **ANIELLA GONZALEZ**
       Florida Bar No. 547484
       aniella@ewm.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this _____ day of June, 2020, that a true and correct copy of the foregoing was filed with the Court through CM/ECF, and has been served upon all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received Notices of Electronic Filing.

By:    _____

## <u>SERVICE LIST</u>

**Steven Franklyn Helfand**
1400 SW 137th Ave, F112
Pembroke Pines, FL 33027
1400steven.helfand@gmail.com
*Pro Se Plaintiff*

**James M. Shaw, Esq.**
**Doron Weiss, Esq.**
TORRESVICTOR
6205 Blue Lagoon Drive, Suite 120
Miami, Florida 33126
jshaw@torresvictor.com
dweiss@torresvictor.com
*Counsel for Defendants, Esslinger-Wooten-Maxwell, Inc. d/b/a Berkshire Hathaway HomeServices EWM Realty and Marcelo Steinmander*

**Albert M. Cardet, Esq.**
Cardet Law, P.A.
1330 Coral Way #301
Miami, FL 33145
ALCardet@gmail.com
Ebbycmecf@gmail.com
*Counsel for Defendants, Edward Peloso and EJP 888 Biscayne Blvd 2712., LLC*

# COMPOSITE EXHIBIT 1

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY FLORIDA

EJP 888 Biscayne Blvd 2712 LLC        Civil Division
         Plaintiff

vs        Case:

Walter F Ellingwood
Steven F Helfland
and all others in possession        Fla Bar No 467900
         Defendant

_____/

## Complaint for Tenant Eviction and Breach of Lease

    Plaintiff, EJP 888 Biscayne Blvd 2712 LLC, (hereinafter "Plaintiff"), sues the defendants, Walter F. Ellingwood, Steven F. Helfand and all others in possession, (hereinafter "Defendants") and alleges:

    1.  This is an action for possession of residential real property located in Miami-Dade County Florida and damages that do not exceed $15,000.00 exclusive of interest, costs and fees.

    2.  This court has jurisdiction of this matter pursuant to Section 34.011(1) Florida Statutes.

    3.  Venue is proper in Miami-Dade County as the subject matter property is located within the territorial limits of Miami-Dade County and all causes of action arose in Miami-Dade County.

    4.  Plaintiff is entitled to recover a reasonable fee for its attorney and costs associated with this action pursuant to the terms of the Lease and Chapter 83 Florida Statutes.

## FACTS

    5.  Plaintiff is the owner and landlord certain residential real property located at Marina Blue Condominium 888 Biscayne Blvd, Unit 2712, Miami FL 33132, (the "Real Property")

    6.  On or about December 1, 2018, Plaintiff, as landlord, and Defendant, as tenant entered into a Residential Lease for Apartment (the "Lease") whereby, Landlord leased the Real Property to Defendant for a period of one year, that expires on November 30, 2019. A copy of the Lease is attached hereto.

    7.  Pursuant to the Lease, the Defendant, among other things, agreed to:

    (a) Pay annual rent upon executing the Lease in the amount of $36,000.00.

    (b) To abide by the regulations and policies of the Condominium Association the Real Property forms a part of, which among other things prohibits tenants from behaving or engaging

in activities in a loud manner or in a manner that disturbs the rights, comfort or safety of others in or near the building the Real Property forms a part of.

(c) Require any guests of Defendant to abide by the regulations and policies of the Condominium Association the Real Property forms a part of.

(d) Not to destroy, deface, damage, impair or remove any part of the Real Property belonging to the Plaintiff.

8. The Defendant has caused disturbances in the building that have resulted in security and the police being called to the building or the Real Property, including but not limited to:

a. On June 21, 2019, at 3:50 am security at the front desk was called to the Real Property as a result of loud music emanating from the Real Property, see attached report.

b. On July 13, 2019, at 1:46 am police were called as a result of Defendant's guests stealing a motorcycle from the parking garage in the building, see attached report.

c. On September 24, 2019, at 6:45 pm police were called as a result of defendant stealing a computer from a business located in the lobby of the building, see attached report.

d. An inspection on or about September 27, 2019, revealed the Defendant had removed the electrical panel and several electrical fixtures from the Real Property.

COUNT I – Tenant Eviction

9. Plaintiff re-alleges paragraphs 1 through and 8 and further alleges:

10. Pursuant to Section 83.56(2), Florida Statutes, Plaintiff provided Defendants with a 7-Day Notice of Non-Compliance with Lease informing the Defendant of their Non-Compliance with the Lease provisions referenced above and demanding that Defendants vacate the Real Property within 7 days.

11. Defendants have failed or refused to vacate the Real Property.

12. Plaintiff is entitled to recover possession of the premises pursuant to section 83.59, Florida Statutes.

13. Plaintiff is entitled to the Summary Procedure provided for in section 51.011 Florida Statutes, as to Count I pursuant to section 83.59(2) Florida Statutes.

WHEREFORE, based on the foregoing Plaintiff respectfully requests that the Court award it possession of the premises, award it reasonable attorney fees and costs and award any other relief the Court deems appropriate.

## COUNT II – Breach of Lease

14. Plaintiff re-alleges paragraphs 1 through 8 and further alleges:

15. Plaintiff has performed pursuant to the parties' Lease.

16. Defendants have breached the Lease Agreement as set forth in paragraph 7 and 8.

17. As a result of Defendants' breach of the Lease Agreement Plaintiff has been damaged.

WHEREFORE, based on the foregoing Plaintiff respectfully requests that the Court award it damages, award it reasonable attorney fees and costs and award any other relief the Court deems appropriate.

October 11, 2019

Cardet Law, P.A.
alcardet@gmail.com
ebbycmecf@gmail.com
1330 Coral Way #301
Miami FL 33145
Tel: 305-403-7783
Fax: 855-787-6875
by: _____/s/_____
       Alberto M. Cardet

**Nonlawyer Disclosure**

Douglas Elliman
REAL ESTATE

**Instructions to Licensee:** Before you begin to complete the next form, you must give this nonlawyer disclosure to the landlord or tenant for whom you are filling in the blanks. (If you are filling in the blanks for both landlord and tenant, complete two nonlawyer disclosures and give one to each.)

1. Insert your name in the first 5 blank "*Name*" spaces and sign below.

2. Have the landlord or tenant whom you are assisting complete the provision regarding her/his ability to read English, and have her/him sign below.

3. Give this completed disclosure to the landlord or tenant, as appropriate. Keep a copy of this completed disclosure and all forms you give to the landlord or tenant in your files for at least 6 years.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PIER PAOLO VISCONTI told me that he/she is a nonlawyer and may not give legal
(Name)

advice, cannot tell me what my rights or remedies are, cannot tell me how to testify in court, and cannot represent me in court.

Rule 10-2.1(b) of the Rules Regulating The Florida Bar defines a paralegal as a person who works under the supervision of a member of The Florida Bar and who performs specifically delegated substantive legal work for which a member of The Florida Bar is responsible. Only persons who meet the definition may call themselves paralegals. PIER PAOLO VISCONTI informed me that he/she is not a paralegal as defined by the
(Name)
rule and cannot call himself/herself a paralegal.

PIER PAOLO VISCONTI told me that he/she may only type the factual information
(Name)

provided by me in writing into the blanks on the form. Except for typing, PIER PAOLO VISCONTI
(Name)

may not tell me what to put in the form and may not complete the form for me. However, if using a form approved by the Supreme Court of Florida, PIER PAOLO VISCONTI may ask me factual questions to fill in
(Name)

the blanks on the form and may also tell me how to file the form.

**Landlord or Tenant:**

✗ EJ   I can read English.

_____ I cannot read English but this notice was read to me by _____
                                                                                    (Name)

in _____ which I understand.
        (Language)

_____
Licensee signature

ND-2  Rev 7/13
Serial# 058816-300151-1234417

✗ EJP 888 Biscayne Blvd 3712 LL5
Landlord or Tenant signature

Edward Peton
Landlord or Tenant signature

©2013 Florida Realtors®

*Pkg Space #11-38 (Tandem; Double CARSPACE*

## RESIDENTIAL LEASE FOR APARTMENT OR UNIT IN MULTI-FAMILY RENTAL HOUSING (OTHER THAN A DUPLEX) INCLUDING A MOBILE HOME, CONDOMINIUM, OR COOPERATIVE (FOR A TERM NOT TO EXCEED ONE YEAR)

 Douglas Elliman
REAL ESTATE

(Not To Be Used For Commercial, Agricultural, or Other Residential Property)

**WARNING: IT IS VERY IMPORTANT TO READ ALL OF THE LEASE CAREFULLY. THE LEASE IMPOSES IMPORTANT LEGAL OBLIGATIONS**

AN ASTERISK (*) OR A BLANK SPACE (_____) INDICATES A PROVISION WHERE A CHOICE OR A DECISION MUST BE MADE BY THE PARTIES

NO CHANGES OR ADDITIONS TO THIS FORM MAY BE MADE UNLESS A LAWYER IS CONSULTED.

I. **TERMS AND PARTIES.** This is a lease (the "Lease") for a period of __12__ months (the "Lease Term"), beginning
__DECEMBER 1ST 2018__ and ending __NOVEMBER 30th 2019__, between
(month, day, year)        (month, day, year)
__EJP 888 BISCAYNE BLVD 2712 LLC__ and
(name of owner of the property)
__WALTER FRED ELLINGWOOD III & HELPAND STEVEN FRANKLIN__
(name(s) of person(s) to whom the property is leased)

(In the Lease, the owner, whether one or more, of the property is called "Landlord." All persons to whom the property is leased are called "Tenant.")

Landlord's E-mail Address:   _____
Landlord's Telephone Number:  _____
Tenant's E-mail Address:      _____
Tenant's Telephone Number    _____

II. **PROPERTY RENTED.** Landlord leases to Tenant apartment or unit no. __2712__ in the building located at
__888 BISCAYNE BLVD__ known as
(street address)
__MARINA BLUE__                                    __MIAMI__
(name of apartment or condominium)                    (city)
Florida __33132__, together with the following furniture and appliances.
(zip code)
__CEILINGS LAMP – 60' TV – WINDOW TREATMENTS – KITCHEN__
__APPLIANCES – WASHER AND DRYER__
_____

[List all furniture and appliances. If none, write "none."] (In the Lease, the property leased, including furniture and appliances, if any, is called "the Premises.")

III. **COMMON AREAS.** Landlord grants to Tenant permission to use, during the Lease Term, along with others, the common areas of the building and the development of which the Premises are a part.

IV. **RENT PAYMENTS AND CHARGES.** Tenant shall pay rent for the Premises in ~~installments~~ of __36,000__ ~~each on~~ FULL
~~the _____ day of each _____~~ (month, week) UPON SIGNING THE LEASE
(a "Rental Installment Period," as used in the Lease, shall be a month if rent is paid monthly, and a week if rent is paid weekly.) Tenant shall pay with each rent payment all taxes imposed on the rent by taxing authorities. The amount of taxes payable on the beginning date of the Lease is $ __0.00__ for each installment. The amount ~~of each installment~~ of rent plus taxes ("the Lease Payment"), as of the date the Lease begins, is $ __36,000__. Landlord will notify Tenant if the amount of the tax changes. Tenant shall pay the rent and all other charges required to be paid under the Lease by cash, valid check, or money order. Landlord may appoint an agent to collect the Lease Payment and to perform Landlord's obligations.
Landlord (____) (____) and Tenant (____) (SR) acknowledge receipt of a copy of this page, which is Page 1 of 18.

RLAUCC-1x   Rev 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar
Serial# 066818-200151-1234417

Unless this box ☐ is checked, the Lease Payments must be paid in advance beginning __DECEMBER 1ˢᵗ 2018__
(date)

If the tenancy starts on a day other than the first day of the month or week as designated above, the rent shall be prorated from

_____ through _____ in the amount of $_____ and shall be due
(date)                                    (date)

on _____ . (If rent paid monthly, prorate on a 30-day month.)
(date)

**V. DEPOSITS, ADVANCE RENT, AND LATE CHARGES.** In addition to the Lease Payments described above, Tenant shall pay the following: (check only those items that apply)

☑ a security deposit of $ 3,000 to be paid upon signing the Lease.

☑ advance rent in the amount of $ 36,000 for the Rental Installment Periods of 12 MONTHS to be paid upon signing the Lease

☐ a pet deposit in the amount of $_____ to be paid upon signing the Lease.

☐ a late charge in the amount of $ _____ for each Lease Payment made more than _____ days after the date it is due

☐ a bad check fee in the amount $ _____ (not to exceed $20.00 or 5% of the Lease Payment, whichever is greater) if Tenant makes any Lease Payment with a bad check. If Tenant makes any Lease Payment with a bad check, Landlord can require Tenant to pay all future Lease Payments in cash or by money order.

☐ Other:_____

☐ Other:_____

**VI. SECURITY DEPOSITS AND ADVANCE RENT.** If Tenant has paid a security deposit or advance rent the following provisions apply.
A        Landlord shall hold the money in a separate interest-bearing or non-interest-bearing account in a Florida banking institution for the benefit of Tenant. If Landlord deposits the money in an interest-bearing account, Landlord must pay Tenant interest of at least 75% of the annualized average interest paid by the bank or 5% per year simple interest, whichever Landlord chooses. Landlord cannot mix such money with any other funds of Landlord or pledge, mortgage, or make any other use of such money until the money is actually due to Landlord; or
B        Landlord must post a surety bond in the manner allowed by law. If Landlord posts the bond, Landlord shall pay Tenant 5% interest per year
        At the end of the Lease, Landlord will pay Tenant, or credit against rent, the interest due to Tenant. No interest will be due Tenant if Tenant wrongfully terminates the Lease before the end of the Lease Term
C        If Landlord rents 5 or more dwelling units, then within 30 days of Tenant's payment of the advance rent or any security deposit, Landlord must notify Tenant in writing of the manner in which Landlord is holding such money, the interest rate, if any, that Tenant will receive, and when such payments will be made.

**VII. NOTICES.** PIER PAOLO VISCONTI _____ is Landlord's Agent. All notices to Landlord and all
(name)

Lease Payments must be sent to Landlord's Agent at _____
(address)

unless Landlord gives Tenant written notice of a change. Landlord's Agent may perform inspections on behalf of Landlord, subject to Article XII below. All notices to Landlord shall be given by certified mail, return receipt requested, or by hand delivery to Landlord or Landlord's Agent

Any notice to Tenant shall be given by certified mail, return receipt requested, or delivered to Tenant at the Premises. If Tenant is absent from the Premises, a notice to Tenant may be given by leaving a copy of the notice at the Premises.

**VIII. USE OF PREMISES.** Tenant shall use the Premises only for residential purposes. Tenant also shall obey, and require anyone on the Premises to obey, all laws and any restrictions that apply to the Premises. Landlord will give Tenant notice of any restrictions that apply to the Premises

If the Premises are located in a condominium or cooperative development, the Lease and Tenant's rights under it, including as to the common areas, are subject to all terms of the governing documents for the project, including, without limitation, any Declaration of Condominium or proprietary lease, and any restrictions, rules, and regulations now existing or hereafter adopted, amended, or repealed

Landlord ___ (__) and Tenant ___ (__) acknowledge receipt of a copy of this page, which is Page 2 of 16.

RLAUCC-1x    Rev 7/16    Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10.2.1(a) of the Rules Regulating the Florida Bar
Serial# 008818-300181-1234417

Unless this box ☐ is checked, Landlord may adopt, modify, or repeal rules and regulations for the use of common areas and conduct on the Premises during the Lease Term. All rules and regulations must be reasonable and in the best interest of the development in which the Premises are located.

Occasional overnight guests are permitted. An occasional overnight guest is one who does not stay more than ___7___ nights in any calendar month (if left blank, 7). Landlord's written approval is required to allow anyone else to occupy the Premises.

Unless this box ☐ is checked or a pet deposit has been paid, Tenant may not keep or allow pets or animals on the Premises without Landlord's approval of the pet or animal in writing.

Unless this box ☐ is checked, no smoking is permitted in the Premises.

Tenant shall not keep any dangerous or flammable items that might increase the danger of fire or damage on the Premises without Landlord's consent.

Tenant shall not create any environmental hazards on or about the Premises.

Tenant shall not destroy, deface, damage, impair, or remove any part of the Premises belonging to Landlord, nor permit any person to do so.

Tenant may not make any alterations or improvements to the Premises without first obtaining Landlord's written consent to the alteration or improvement. However, unless this box ☐ is checked, Tenant may hang pictures and install window treatments in the Premises without Landlord's consent, provided Tenant removes all such items before the end of the Lease Term and repairs all damage resulting from the removal.

Tenant must act, and require all other persons on the Premises to act, in a manner that does not unreasonably disturb any neighbors or constitute a breach of the peace.

**IX. MAINTENANCE.** Landlord and Tenant agree that the maintenance of the Premises must be performed by the person indicated below:

   A.   Landlord's Required Maintenance. Landlord will comply with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall maintain and repair the roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keep the plumbing in reasonable working order. If the Premises are located in a condominium, Landlord and Tenant acknowledge that the maintenance of the structural elements and common areas is performed by the condominium association as part of the common area maintenance. Landlord shall assure that the association complies with applicable building, housing, and health codes relating to the Premises. If there are no applicable building, housing, or health codes, Landlord shall assure that the association maintains and repairs roofs, porches, windows, exterior walls, screens, foundations, floors, structural components, and steps, and keeps the plumbing in reasonable working order. Landlord will be responsible for the maintenance of any items listed above for which the association is not responsible.

   B.   Elective Maintenance. Fill in each blank space in this section with Landlord or Tenant to show who will take care of the item noted. If a space is left blank, Landlord will be required to take care of that item (or assure that the association takes care of the items if the Premises are located in a condominium).

| | | |
|---|---|---|
| ☑Landlord ☐Tenant | | Smoke Detectors |
| ☑Landlord ☐Tenant | | Extermination of rats, mice, roaches, ants, wood-destroying organisms, and bedbugs |
| ☐Landlord ☑Tenant | | Locks and keys |
| ☑Landlord ☐Tenant | | Clean and safe condition of outside areas |
| ☑Landlord ☐Tenant | | Garbage removal and outside garbage receptacles |
| ☑Landlord ☐Tenant | | Running water |
| ☐Landlord ☑Tenant | | Hot water |
| ☐Landlord ☐Tenant | | Lawn |
| ☑Landlord ☐Tenant | | Heat |
| ☑Landlord ☐Tenant | | Air conditioning |
| ☐Landlord ☑Tenant | | Furniture |
| ☑Landlord ☐Tenant | | Appliances |
| ☐Landlord ☑Tenant | | Fixtures |
| ☑Landlord ☐Tenant | | Pool (including filters, machinery, and equipment) |
| ☐Landlord ☑Tenant | | Heating and air conditioning filters |
| ☐Landlord ☐Tenant | | Other A/C FILTERS TO BE CHANGED OUCE AT MOUTH AT TENANTS EXPOSE |

Tenant's responsibility, if any, indicated above, shall not include major maintenance or major replacement of equipment.

Landlord shall be responsible for major maintenance or major replacement of equipment, except for equipment for which Tenant has accepted responsibility for major maintenance or major replacement in the previous paragraph.
Major maintenance or major replacement means a repair or replacement that costs more than $ ___150%___ .

Landlord ( ___ ) and Tenant ( ___ ) acknowledge receipt of a copy of this page, which is Page 3 of 18.

RLAUCC 1x   Rev 7/16   Approved on April 15, 2010 by the Supreme Court of Florida for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar
Serial# 858818-300181-1234417

Tenant shall be required to vacate the Premises on 7 days' written notice, if necessary, for extermination pursuant to this subparagraph. When vacation of the Premises is required for extermination, Landlord shall not be liable for damages but shall abate the rent.

Nothing in this section makes Landlord responsible for any condition created or caused by the negligent or wrongful act or omission of Tenant, any member of Tenant's family, or any other person on the Premises with Tenant's consent.

    C.    Tenant's Required Maintenance. At all times during the Lease Term, Tenant shall:

        1. comply with all obligations imposed upon tenants by applicable provisions of building, housing, and health codes;

        2. keep the Premises clean and sanitary;

        3. remove all garbage from the dwelling unit in a clean and sanitary manner,

        4. keep all plumbing fixtures in the dwelling unit clean, sanitary, and in repair, and

        5. use and operate in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators.

**X. UTILITIES.** Tenant shall pay all charges for hook-up, connection, and deposit for providing all utilities and utility services to the Premises during the Lease Term except <u>WATER SEWER</u>. which Landlord agrees to provide at Landlord's expense. (Specify any utilities to be provided and paid for by Landlord such as water, sewer, oil, gas, electricity, telephone, garbage removal, etc.).

**XI. SERVICEMEMBER.** If Tenant is a member of the United States Armed Forces on active duty or state active duty or a member of the Florida National Guard or United States Reserve Forces, the Tenant has rights to terminate the Lease as provided in Section 83.682, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

**XII. LANDLORD'S ACCESS TO PREMISES.** Landlord or Landlord's Agent may enter the Premises in the following circumstances:

    A. At any time for the protection or preservation of the Premises.

    B. After reasonable notice to Tenant at reasonable times for the purpose of repairing the Premises.

    C. To inspect the Premises; make necessary or agreed-upon repairs, decorations, alterations, or improvements; supply agreed services; or exhibit the Premises to prospective or actual purchasers, mortgagees, tenants, workers, or contractors under any of the following circumstances:

        1. with Tenant's consent;

        2. in case of emergency;

        3. when Tenant unreasonably withholds consent; or

        4. if Tenant is absent from the Premises for a period of at least one-half a Rental Installment Period. (If the rent is current and Tenant notifies Landlord of an intended absence, then Landlord may enter only with Tenant's consent or for the protection or preservation of the Premises.)

**XIII. PROHIBITED ACTS BY LANDLORD.** Landlord is prohibited from taking certain actions as described in Section 83.67, Florida Statutes, the provisions of which can be found in the attachment to this Lease.

**XIV. CASUALTY DAMAGE.** If the Premises are damaged or destroyed other than by wrongful or negligent acts of Tenant or persons on the Premises with Tenant's consent, so that the use of the Premises is substantially impaired, Tenant may terminate the Lease within 30 days after the damage or destruction and Tenant will immediately vacate the Premises. If Tenant vacates, Tenant is not liable for rent that would have been due after the date of termination. Tenant may vacate the part of the Premises rendered unusable by the damage or destruction, in which case Tenant's liability for rent shall be reduced by the fair rental value of the part of the Premises that was damaged or destroyed.

**XV. DEFAULTS/REMEDIES.** Should a party to the Lease fail to fulfill their responsibilities under the Lease or need to determine whether there has been a default of the Lease, refer to Part II, Chapter 83, entitled Florida Residential Landlord and Tenant Act which contains information on defaults and remedies. A copy of the current version of this Act is attached to the Lease.

**XVI. ASSIGNMENT AND SUBLEASING.** Unless this box ☐ is checked, Tenant may not assign the Lease or sublease all or any part of the Premises without first obtaining Landlord's written approval and consent to the assignment or sublease.

**XVII. RISK OF LOSS.** Subject to the next sentence, Landlord shall not be liable for any loss by reason of damage, theft, or otherwise to the contents, belongings, and personal effects of the Tenant, or Tenant's family, agents, employees, guests, or visitors. Landlord shall not be liable if such damage, theft, or loss is caused by Tenant, Tenant's family, agents, employees, guests, or visitors. Nothing contained in this provision shall relieve Landlord or Tenant from responsibility for loss, damage, or injury caused by its own negligence or willful conduct.

**XVIII. SUBORDINATION.** The Lease is automatically subordinate to the lien of any mortgage encumbering the fee title to the Premises from time to time.

**XIX. LIENS.** The interest of the Landlord shall not be subject to liens for improvements by the Tenant as provided in Section 713.10, Florida Statutes. Tenant shall notify all parties performing work on the Premises at Tenant's request that the Lease does not allow any liens to attach to Landlord's interest.

Landlord ( ___ ) ( ___ ) and Tenant ( _SH_ ) ( ___ ) acknowledge receipt of a copy of this page, which is Page 4 of 18.

RLAUCC 1a    Rev 7/16    Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10.2.1(a) of the Rules Regulating the Florida Bar
Serial# 094616-200161-1234417

**XX. APPROVAL CONTINGENCY.** If applicable, the Lease is conditioned upon approval of Tenant by the association that governs the Premises. Any application fee required by an association shall be paid by ☐ Landlord ☑ Tenant. If such approval is not obtained prior to commencement of Lease Term, either party may terminate the Lease by written notice to the other given at any time prior to approval by the association, and if the Lease is terminated, Tenant shall receive return of deposits specified in Article V, if made. If the Lease is not terminated, rent shall abate until the approval is obtained from the association. Tenant agrees to use due diligence in applying for association approval and to comply with the requirements for obtaining approval. ☐ Landlord ☑ Tenant shall pay the security deposit required by the association, if applicable

**XXI. RENEWAL/EXTENSION.** The Lease can be renewed or extended only by a written agreement signed by both Landlord and Tenant, but in no event may the total Lease Term exceed one year. A new lease is required for each year.

**XXII. LEAD-BASED PAINT.** ☐ Check and complete if the dwelling was built before January 1, 1978.  **Lead Warning Statement** (when used in this article, the term Lessor refers to Landlord and the term Lessee refers to Tenant)

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, Lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally approved pamphlet on lead poisoning prevention.

**Lessor's Disclosure (initial)**

_____(a) Presence of lead-based paint or lead-based paint hazards (check (i) or (ii) below):

　　　　　　(i) ☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain)

_____

_____

　　　　　　(ii) ☐ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.
_____(b) Records and reports available to the Lessor (check (i) or (ii) below):

　　　　　　(i) ☐ Lessor has provided the Lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below)

_____

_____

　　　　　　(ii) ☐ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment (initial)**

_____(c) Lessee has received copies of all information listed above.
_____(d) Lessee has received the pamphlet *Protect Your Family From Lead in Your Home.*

**Agent's Acknowledgment (initial)**

_____(e) Agent has informed the Lessor of the Lessor's obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| | | | |
|---|---|---|---|
| Lessor's signature | Date | Lessor's signature | Date |
| Lessee's signature | Date | Lessee's signature | Date |
| Agent's signature | Date | Agent's signature | Date |

Landlord (____) (____) and Tenant (____) (____) acknowledge receipt of a copy of this page, which is Page 5 of 18.

RLAUCC 1x   Rev 7/16   Approved on April 15, 2010 by the Supreme Court of Florida for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar
Serial# 068618-800161-1854417

**XXIII. ATTORNEYS' FEES.** In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorneys' fees, from the non-prevailing party.

**XXIV. MISCELLANEOUS.**

A  Time is of the essence of the performance of each party's obligations under the Lease.

B. The Lease shall be binding upon and for the benefit of the heirs, personal representatives, successors, and permitted assigns of Landlord and Tenant, subject to the requirements specifically mentioned in the Lease. Whenever used, the singular number shall include the plural or singular and the use of any gender shall include all appropriate genders.

C. The agreements contained in the Lease set forth the complete understanding of the parties and may not be changed or terminated orally.

D  No agreement to accept surrender of the Premises from Tenant will be valid unless in writing and signed by Landlord.

E. All questions concerning the meaning, execution, construction, effect, validity, and enforcement of the Lease shall be determined pursuant to the laws of Florida.

F. The place for filing any suits or other proceedings with respect to the Lease shall be the county in which the Premises is located.

G. Landlord and Tenant will use good faith in performing their obligations under the Lease

H. As required by law, Landlord makes the following disclosure: "RADON GAS." Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county health department

**XXV. TENANT'S PERSONAL PROPERTY. TENANT MUST INITIAL IN THIS BOX ☐ FOR THE FOLLOWING PROVISION TO APPLY. BY SIGNING THIS RENTAL AGREEMENT, THE TENANT AGREES THAT UPON SURRENDER, ABANDONMENT, OR RECOVERY OF POSSESSION OF THE DWELLING UNIT DUE TO THE DEATH OF THE LAST REMAINING TENANT, AS PROVIDED BY CHAPTER 83, FLORIDA STATUTES, THE LANDLORD SHALL NOT BE LIABLE OR RESPONSIBLE FOR STORAGE OR DISPOSITION OF THE TENANT'S PERSONAL PROPERTY.**

The Lease has been executed by the parties on the dates indicated below.

X _Edward Pelon_        X _11/6/18_
Landlord's Signature            Date

Landlord's Signature            Date _11/6/15_

Tenant's Signature            Date _11/6/18_

Tenant's Signature            Date

This form was completed with the assistance of:

Name of Individual:   _PIETI PAOLO VISCONTI_
Name of Business:   _DOUGLAS ELLIMAN_
Address:
Telephone Number:

Copy of Current Version of Florida Residential Landlord and Tenant Act, Part II, Chapter 83, Florida Statutes to Be Attached

Landlord X ___ ( ___ ) and Tenant ___ ( ___ ) acknowledge receipt of a copy of this page, which is Page 6 of 18.

RLAUCC-1x   Rev 7/16   Approved on April 15, 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar
Serial# 068818-200161-1234417

**Early Termination Fee/Liquidated Damages Addendum**

[ ✗ ]   I agree, as provided in the rental agreement, to pay $ *3,000* (an amount that does not exceed two months' rent) as liquidated damages or an early termination fee if I elect to terminate the rental agreement and the landlord waives the right to seek additional rent beyond the month in which the landlord retakes possession.

[ ☐ ]   I do not agree to liquidated damages or an early termination fee, and I acknowledge that the landlord may seek damages as provided by law

✗ *Edward Below*
Landlord's Signature

✗ *11/6/18*
Date

Landlord's Signature

Date

Tenant's Signature

*11/6/18*
Date

Tenant's Signature

*11/6/18*
Date

AS A SUBSTANTIAL OBBLIGATION OF THIS LEASE, TENANTS SHALL GIVE LANDLORD A MINIMUM OF 60 (SIXTY) DAYS WRITTEN NOTICE PRIOR TO THE EXPIRATION OF THIS LEASE, OF ITS INTENTION TO VACATE THE PREMISES OR TO ENTER INTO A NEW LEASE. FAILURE TO DO SO SHALL RESULT IN ANY SECURITY BEING HELD BY LANDLORD, TO VEST IMMEDIATELY TO LANDLORD.

Landlord ( ✗ *EB* ) ( ____ ) and Tenant ( ____ ) ( ____ ) acknowledge receipt of a copy of this page, which is Page 7 of 18.

RLAUCC-1x    Rev 7/16    Approved on April 15 2010, by the Supreme Court of Florida, for use under rule 10-2.1(a) of the Rules Regulating the Florida Bar
Serial# 806616-800161-1234417



INCIDENT //



Marina Blue

# Resident Complaint

| Category | Operations | Priority | High |
|---|---|---|---|
| Post | Marina Blue | | |
| Report Created by | MarinaBlue Rover | Start Date | 6/21/2019 3:55:42 AM |

## Resident Complaint

| Date | 6/21/2019 |
|---|---|
| Time | 03:51 |
| Text | alrededor de la 3:50am frontdesk recibio una llamada Anonima quejandose de musica alta en la unidad 2712 , SS Franco procede a investigar encontrando musica alta, procedo a tocar y abrio el señor Steven Helfand el cual fue orientado e indico que lo disculparan y iba a apagar el radio al momento. me mantuve varios minutos y el señor apago como mismo nois habia indicado. |
| Reporting Officer | SS Franco |



## MarinaBlue Condominium Association - Residential
888 Biscayne Blvd, Ste 200
Miami, FL 33132
305-808-7361

07/16/2019

MB-R001-2712
 EJP 888 Bscyn 2712
EJP 888 Biscayne Blvd 2712 LLC
932 East Main Street
Bridgeport, CT 06608

RE:   Warning – Violation of Rules and Regulations
      888 Biscayne Boulevard #2712

Dear Homeowner:

In order to make our Community a better place, the Board of Directors must enforce the Documents which govern the community.  These rules were implemented so everyone can equally enjoy the common areas. We are requesting you to please correct the infraction(s) noted below:

**All owners are responsible for the conduct of their guests, visitors and renters who are on the property.**

**On July 13, your guest "Erick" who has visited your unit signing in at 1:14am and has visited many times this past few weeks, was observed on our surveillance cameras "hot wiring" a motorcycle and removing it from the property at 1:46am. He worked with another individual who was not identified.  The Motorcycle taken is the property of another resident. The suspected stolen motorcycle was reported to the Police  and the investigators took all our camera footage. Please advise your guest he is not allowed back on the property and remember you are responsible for your guests behavoir while at Marinablue. This is a violation notice.**

Thank you for your cooperation in understanding the importance of providing for everyone's enjoyment in the Community. Should you need a copy of the Rules and Regulations, contact us at 305-808-7361 and one will be mailed to you.

Sincerely,

Castle Management, LLC.
On behalf of the Board of Directors
MarinaBlue Condominium Association - Residential



INCIDENT //

Marina Blue

# Emergency Services On Property

| Category | Security | **Priority** | High |
|---|---|---|---|
| Post | Marina Blue | | |
| Report Created by | MarinaBlue Rover | **Start Date** | 9/24/2019 6:46:53 PM |

## Emergency Services Report

| | |
|---|---|
| Date | 9/24/2019 |
| Time of Arrival | 17:15 |
| Police on Property? | Yes |
| Fire Department on Property? | No |
| EMT/Ambulance on Property? | No |
| Unit #? | 505 |
| Reason for Emergency Services on Site: | Police were called to 505 about a reported theft of a computer from reception desk. Security escorted police to unit 505,where they made contact with receptionist who had called police about missing computer. She proceeded to show police and security video of theft, from video it was clear that the computer was taken by a resident from unit 2712 by the name of Steven helfand, the security guard identified him from the video. As management was confirming this information at front desk the accused walk in the door and we informed police who then stopped him and searched his bag where they found the stolen computer. He was put in cuffs and detained while the police officer went back up to 505 to confirm that it was the stolen computer, once it was confirmed police officer asked if they wanted to press charges, the receptionist called a man by the name of Daniel Gutierrez who declined to press charges. The police informed him that they would have to release the accused if he did not want to press charges and he still declined. The police released Steven Helfand since Mr. Gutierrez refused to press charges. Security informed management of what had transpired. |
| Emergency Vehicle Number(s)? | none |
| Report Number? | 19092400327188 |
| Reporting Security Officer's Name: | John Schoop |

SEVEN (7) DAY NOTICE TO VACATE APARTMENT

NOTICE OF TERMINATION OF LEASE
(WITH NO OPPORTUNITY TO CURE)

To Steven F. Helfand, Walter F. Ellinwood

888 Biscayne Blvd #2712 Miami, FL 33132

You are hereby notified that your Lease Agreement for 888 Biscayne Blvd #2712 Miami, FL
33132 is TERMINATED EFFECTIVE IMMEDIATELY.

This action is taken because:
You have continued to violate your lease agreement, Page 3 paragraph VIII , (see attached copy
of lease agreement) and Florida Statute 83.52 Specifically misuse of the landlord's and property
by intentional act or a unreasonable disturbance as to the enclose report dated September 24,
2019 regarding the computer theft,  in addition  on July 13, 2019 hot wire motorcycle enclose
violation notice on September 23, 2019 police was also dispatch to your unit  additional incident
report and unauthorize electrical repairs to electrical panel and plugs enclose are pictures of
September 16, 2019
DEMAND IS HEREBY MADE THAT YOU VACATE APARTMENT ON OCTOBER 9, 2019
OR BEFORE SEVEN (7) DAYS FROM THE DELIVERY OF THIS NOTICE.

I have been instructed to file suit immediately after this seven-day period if you do not
vacate as demanded.
This notice does not waive any other claims your landlord may have against you.

GOVERN YOURSELF ACCORDINGLY.

This instrument prepared by: Law Offices of Alberto M. Cardet P.A

Property Manager:  Marcelo Steinmander,
EJP 888 BISCAYNE BLVD 2712 LLC
1330 Coral Way Suite 301 Miami Fl 33145

I hereby certify that a copy of the notice has been furnished by the above-named tenant(s) on

September 30, 2019
(Date this Termination 7- day notice served upon tenant)

o   Personal delivery
o   Posting in a conspicuous place on the premises as tenant was absent from the above
    named residence.

Signed by person delivering/posting

CFN: 20190689102 BOOK 31674 PAGE 2279
DATE:11/04/2019 08:05:38 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: 2019-026101-CC-05
SECTION: CC02
JUDGE: William Altfield

**EJP 888 BISCAYNE BLVD 2712 LLC**

Plaintiff(s) / Petitioner(s)

vs.

**Steven F Helfand et al**

Defendant(s) / Respondent(s)

_____/

## DEFAULT FINAL JUDGMENT OF POSSESSION

THIS ACTION came on to be heard before this Court upon Plaintiff's Motion for Default
Final Judgment for Eviction, it is upon consideration thereof ORDERED and ADJUDGED:

Plaintiff is hereby granted judgment by default for eviction of defendants, Walter F.
Ellingwood and Steven F. Helfand, and all others, for possession of the premises / real
property described in the complaint known as:

888 Biscayne Blvd, Unit 2712, Miami FL 33132

for which let writ of possession issue forthwith.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 29th day of
October, 2019.

2019-026101-CC-05 10-29-2019 7:44 PM

2019-026101-CC-05 10-29-2019 7:44 PM
Hon. William Altfield

**COUNTY COURT JUDGE**
Electronically Signed

CFN: 20190689102 BOOK 31674 PAGE 2280

CaseNo: 2019-026101-CC-05
Page 2 of 2

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL
ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Copies Furnished To:**
Alberto M Cardet , Email : evictions@gmail.com
Alberto M Cardet , Email : ebbycmecf@gmail.com
Alberto M Cardet , Email : alcardet@gmail.com

BEATRIZ BLANCO

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY FLORIDA
CIVIL DIVISION

EJP 888 BISCAYNE BLVD 2712 LLC
    Plaintiff/Landlord,

CASE NO. 2019-026101-CC-05

vs.

WALTER F. ELLINWOOD
STEVEN F. HELFAND,
and all others in possession,
    Defendant/Tenant

*Handed to Attorney*

*X _____*

*Alberto Cardet*
*FBN 467900*

## **WRIT OF POSSESSION**

**TO ALL AND SINGULAR THE SHERIFFS OF THE STATE:**

**YOU ARE COMMANDED to remove all person(s) from the** following described property in Miami-
**Dade County, Florida:**

    **888 Biscayne Blvd #2712 Miami, FL 33132**

And to put the Plaintiff(s) in possession of it, after **twenty-four (24) hour notice** has been
conspicuously posted on the premises.

WITNESS my hand and my SEAL this _OCT 3 0 2019_ (insert date).

             **HARVEY RUVIN, CLERK**

             By:**BEATRIZ BLANCO**
             Deputy Clerk
             (Court Seal),

Filed by:
ALBERTO M. CARDET, P.A.
Attorney for Plaintiff/Landlord
(Mailing address only)
1925 Brickell Ave 211
Miami, Florida 33129
Fax No.    1855-787-6875

**Plaintiff contact number**  Marcelo 305-305-3885 or Edward 203-218-6394

Note If problem call: Attorney office @ **786-245-5697** or 305-403-7783