**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-20113-Civ-WILLIAMS/TORRES

STEVEN F. HELFAND,

Plaintiff,

v.

ESSLINGER WOOTEN MAXWELL INC. d/b/a BERKSHIRE HATHAWAY HOMESERVICES EWM REALTY, *et al*.

Defendants.

_______________________________________/

**ORDER ON DEFENDANTS' MOTION TO TAKE A DEPOSITION**

This matter is before the Court on Esslinger Wooten Maxwell's d/b/a Berkshire Hathaway HomeServices EWM Realty and Marcelo Steinmander's (collectively, "Defendants") motion to take the deposition of Steven Helfand's ("Plaintiff" or "Mr. Helfand") former neighbor ("A.W."). [D.E. 77]. Plaintiff responded to Defendants' motion on August 5, 2020 [D.E. 78] to which Defendants replied on August 11, 2020. [D.E. 79]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **GRANTED in part**.

## ***I. ANALYSIS***

Defendants' motion seeks to take the deposition of Plaintiff's former neighbor, A.W., because she is a material witness in determining the viability of Plaintiff's allegations that arise out of a violation of the Fair Housing Act. But Defendants are concerned that if they notice A.W.'s deposition, and Plaintiff attends the deposition as he is normally entitled to, it will violate a Florida state court order that compelled Plaintiff to stay away from A.W. Defendants assert that the reason for the court order was because Plaintiff tried to break into A.W.'s unit through her balcony when they were both tenants residing in a condominium unit. The Miami-Dade State's Attorney Office then charged Plaintiff with a felony for attempted burglary of a dwelling pursuant to Fla. Stat. § 810.02(3)(A). Defendants understand that Plaintiff is representing himself *pro se* in this action and that he cannot find a licensed Florida attorney to represent him if the deposition takes place.

Given that A.W.'s deposition is needed to prepare for a defense and the reason Plaintiff cannot attend is because of his own actions, Defendants reason that it is Plaintiff's responsibility to resolve this issue. Defendants maintain that, irrespective of how this issue is resolved, they should not be penalized for Plaintiff's wrongdoings when the witness they seek to depose has a stay away order in place against Mr. Helfand. They reason that Plaintiff must make the appropriate arrangements and, if necessary, hire an attorney, pay for the costs of a special master to oversee the deposition, or work cooperatively with the Miami-Dade State

Attorney's Office to modify the state court order or allow a representative to attend the deposition for the purpose of monitoring Plaintiff's behavior.[1]

Plaintiff's response is that Defendants never met and conferred on this issue, as they are required to do so under the Court's Local Rules. Plaintiff also argues that Defendants *filed* a discovery motion in violation of the Court's Standing Order on Discovery Procedures when they know that discovery disputes have to be noticed on the Discovery Calendar.[2] Notwithstanding these failures, Plaintiff asserts that he has no objection to the appointment of a special master as a way to resolve the problem. In fact, he claims that he is the one who proposed the appointment of a special master as an accommodation to opposing counsel. Plaintiff takes issue, however, with the proposal that he pay for the costs of a special master because he is proceeding with this case *in forma pauperis* and cannot afford to pay for someone to supervise these proceedings. Plaintiff states that if, Defendants had conferred on this issue, this would have been discussed (if not resolved) during a meet and confer. Ultimately, if a special master is appointed, Plaintiff concludes that

---

[1] Defendants state that A.W. is willing to appear for a deposition but that she remains fearful of Plaintiff, does not want Plaintiff to participate in the deposition per the terms of the stay away order, and wants her personal identifying information (i.e. physical address, telephone number, email address) to remain confidential.

[2] Unlike most cases with *pro se* parties, the Court has previously allowed Plaintiff to participate in discovery hearings in this case because of his prior admission to the State Bar of California. That is, unlike most *pro se* parties, Plaintiff has the experience and legal training of a lawyer to resolve disputes during discovery hearings.

Defendants should pay the *interim* costs and, if Plaintiff prevails in this case, that allocation may be amended after final judgment.

Turning solely to the merits on the motion to take A.W.'s deposition[3], the Federal Rules of Civil Procedure establish clear, unambiguous rules governing depositions. They provide, in relevant part, that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)[.]" Fed. R. Civ. P. 30(a)(1). Neither party argues that any of the exceptions in Rule 30(a)(2) apply. The only issue is whether A.W.'s deposition can proceed in light of a Florida state court order that directs Plaintiff to stay away from A.W. and to "have no contact with him/her in person, by telephone, or and/or through any other individual." [D.E. 77-1].

The parties request that the Court interpret the scope of this order and to give guidance to the parties on how they should proceed with A.W.'s deposition without violating its terms. But, the scope of the order is not for us to decide.[4] That is an issue reserved for the court that issued it. And there is nothing in the Federal Rules that prohibit the taking of A.W.'s deposition. Whether Plaintiff decides to violate the stay away order and attend the deposition, hire a lawyer, or otherwise

[3] While the Court could consider the other arguments on the parties' alleged failure to meet and confer, and the filing of a discovery motion on the docket, the Court will bypass these preliminary considerations to focus solely on the merits.

[4] Although we refuse to offer any opinion on the scope of the stay away order, it appears, based on the plain language, that Plaintiff cannot attend the deposition via any telephonic or video conferencing methods. It also appears that Plaintiff cannot attend through another individual, meaning the proposal of appointing a Special Master may be equally deficient.

agree not to appear at all, that is a decision for him to make. An Order from this Court may not insulate him from responsibility under the state court Order.

At the same time, proceeding with the deposition as noticed and subpoenaed also allows the non-party to consider in the first instance what intervention she desires, if any. The witness may be comfortable with proceeding given that the deposition will be taken virtually under the current circumstances. Or she may insist that the deposition may proceed only via a special master, in which case Defendant can elect to proceed in the manner proposed by Plaintiff. Or she may elect to raise the issue in Florida state court if Plaintiff attends over her objection. But the most appropriate forum for any controversy over the state court Order is before the state court judge.

Either way, it does not change the fact that Defendants are entitled to take A.W.'s deposition. Because Defendants are entitled to take A.W.'s deposition, their motion is **GRANTED in part** at this stage and Defendants have leave to subpoena and schedule the deposition. This is the most that we can do given this Court's limited jurisdiction that extends only to this litigation.

## *II. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion to take A.W.'s deposition is **GRANTED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of September, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge